IN THE COURT OF COMMON PLEAS
FOR THE STATE OF SOUTH CAROLINA
ANDERSON COUNTY


A TRUE COPY
MAY 29 2007
Clerk of Court

| MELODY EADIE, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 2007-1657 |
| ANDERSON COUNTY DISABILITIES AND SPECIAL NEEDS BOARD, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Mrs. Eadie, complaining of Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. Mrs. Eadie is a citizen and resident of Anderson County, South Carolina.

2. Defendant is a local service-provider agency authorized to operate and operating in Anderson County, South Carolina.

3. Defendant is an employer subject to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., because it employs and has employed more than 15 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

4. Defendant is also an employer subject to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq., as it has employed over 50 employees in a 75-mile radius for each working day during each of 20 or more calendar workweeks in the current or preceding year.

5. Mrs. Eadie began working for Defendant in 2000.

6. In September 2006, Mrs. Eadie filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), alleging that Defendant had subjected her to race discrimination and retaliation.

7. The EEOC issued a Notice of Suit Rights to Mrs. Eadie on or about February 26, 2007.

8. This court has jurisdiction in this matter, as this is an action alleging violations of wrongful termination in breach of the public policy of the State of South Carolina, the Family and Medical Leave Act (FMLA) (see, 29 U.S.C. § 2617 (a)(2)), and Title VII of the Civil Rights Act (see, 42 U.S.C. §2000e-5(f)(3)).

FACTUAL BACKGROUND

9. Mrs. Eadie worked for Defendant most recently as a one-on-one shadow for one of Defendant's consumers.

2

10. During her employment, she was subjected to a hostile work environment, including, but not limited to, being subjected to vulgar music, being referred to as a "Country Bick," being called "Snoop Dog," having her report of suspected physical abuse ignored, having her work performance subjected to increased scrutiny, and being subjected to unwarranted discipline.

11. Finally, on or about June 15, 2006, Mrs. Eadie made a formal report to Defendant regarding the treatment to which she was being subjected, her concerns about race discrimination, and her concerns about the potential abuse report being ignored.

12. Mrs. Eadie spoke with law enforcement about her concerns regarding the potential abuse incident on or about June 26, 2006.

13. Defendant responded to Mrs. Eadie's expression of concerns by subjecting her to heightened scrutiny, secret "observations," and unwarranted disciplinary actions.

14. As the result of the treatment to which she was subjected, Mrs. Eadie suffered physical and emotional symptoms, including, but not limited to, diarrhea and anxiety.

3

15. She requested and used medical leave under the Family and Medical Leave Act in late June and early July 2006, returning to work on or about July 11, 2006.

16. Defendant fired Mrs. Eadie on or about July 19, 2006.

17. On or about September 11, 2006, the South Carolina Employment Security Commission ruled that Defendant had discharged Mrs. Eadie without cause.

### FOR A FIRST CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy)

18. Mrs. Eadie realleges and incorporates by reference the facts and allegations above and below as if fully set forth herein.

19. Because of their health conditions, Defendant's consumers are vulnerable adults and/or children.

20. During her employment, Mrs. Eadie observed conduct that she believed constituted physical abuse of one of Defendant's consumers.

21. Defendant's policies required Mrs. Eadie to report suspected abuse.

22. South Carolina state law required Mrs. Eadie to report suspected abuse.

23. Public policy required that Mrs. Eadie report suspected abuse.

24. Mrs. Eadie reported suspected physical abuse of a consumer to a member or members of Defendant's supervision.

25. Based on information and belief, Defendant took no action based on Mrs. Eadie's report at that time.

26. Based on information and belief, the supervisor(s) made no efforts to investigate the report, to report the incident up Defendant's chain of command, to retrain the workers involved in the incident, to document the report, or to report the matter to law enforcement or to any other State agencies.

27. Mrs. Eadie subsequently mentioned her report to more senior members of Defendant's management/supervision on or about June 15, 2006.

28. At that time, Mrs. Eadie learned that senior management/supervision claimed to have no knowledge of her earlier report.

29. On or about June 26, 2006, Mrs. Eadie cooperated with law enforcement officials concerning her report of suspected abuse.

30. Defendant subjected Mrs. Eadie to unwarranted increased scrutiny and unwarranted disciplinary actions after she reported the suspected abuse to more senior management/supervision on June 15, 2006.

31. Mrs. Eadie was away from work while on FMLA leave from approximately June 28, 2006, through July 11, 2006.

32. Defendant fired Mrs. Eadie on or about July 19, 2006.

33. Defendant wrongfully terminated Mrs. Eadie, in part or in whole, in retaliation for her report of suspected physical abuse of a consumer.

34. Defendant's termination of Mrs. Eadie violated a clear mandate of public policy.

35. Defendant acted with malice, bad faith, and/or reckless disregard of the pubic policy requiring reporting of suspected abuse by public servants, healthcare workers, and persons in other positions such as that held by Mrs. Eadie.

36. As the direct and proximate result of Defendant's unlawful conduct, Mrs. Eadie suffered lost compensation, lost benefits, lost professional training and experience, and lost career advancement and opportunity.

37. Also as the direct and proximate result of Defendant's unlawful conduct, Mrs. Eadie has suffered and continues to suffer stress, frustration, humiliation, anger, emotional pain and

6

suffering, and has incurred attorneys' fees, costs, and expenses.

### FOR A SECOND CAUSE OF ACTION
(Violation of Title VII — Race Discrimination)

38. Mrs. Eadie realleges and incorporates by reference the facts and allegations above and below as if fully set forth herein.

39. Mrs. Eadie is white.

40. Defendant's workforce is predominantly non-white.

41. Mrs. Eadie was performing her duties to standards that could reasonably be expected by the employer.

42. However, Defendant subjected Mrs. Eadie to a hostile work environment, unwarranted scrutiny, unwarranted discipline, and termination.

43. Defendant's actions were taken under circumstances giving rise to the reasonable inference that unlawful discrimination on the basis of race had taken place.

44. Upon information and belief, similarly situated black employees were not subjected to the same treatment.

45. Defendant's conduct constituted a continuing pattern and practice of unlawful discrimination on the basis of race.

46. After firing Mrs. Eadie, Defendant replaced her with a non-white person.

47. Defendant's actions and/or omissions violated Title VII.

48. Defendant acted with malice, bad faith, and/or reckless disregard of Mrs. Eadie's rights under Title VII.

49. As the direct and proximate result of Defendant's unlawful conduct, Mrs. Eadie suffered lost compensation, lost benefits, lost professional training and experience, and lost career advancement and opportunity.

50. Also as the direct and proximate result of Defendant's unlawful conduct, Mrs. Eadie has suffered and continues to suffer stress, frustration, humiliation, anger, emotional pain and suffering, and has incurred attorneys' fees, costs, and expenses.

### FOR A THIRD CAUSE OF ACTION
### (Violation of Title VII — Retaliation)



51. Mrs. Eadie realleges and incorporates by reference the facts and allegations above and below as if fully set forth herein.

52. Mrs. Eadie engaged in activity protected by Title VII when she reported to Defendant her concerns

8

about and opposed racially based discrimination and harassment.

53. Following Mrs. Eadie's engagement in protected activity, Defendant allowed some or all of the termination decision-makers to learn that she had reported racially based discrimination and harassment, including conduct on their part.

54. Shortly thereafter, the termination decision-makers subjected Mrs. Eadie to increased scrutiny, issued a series of unwarranted disciplinary actions to her, and then fired her.

55. Defendant acted with malice, bad faith, and/or reckless disregard of Mrs. Eadie's rights under Title VII.

56. As the direct and proximate result of Defendant's unlawful conduct, Mrs. Eadie suffered lost compensation, lost professional training and experience, and lost career advancement and opportunity.

57. Also as the direct and proximate result of Defendant's unlawful conduct, Mrs. Eadie has suffered and continues to suffer stress, frustration, humiliation, anger, emotional pain and

9

suffering, and has incurred attorneys' fees, costs, and expenses.

### FOR A FOURTH CAUSE OF ACTION
(Violation of FMLA - Discrimination)



58. Mrs. Eadie realleges and incorporates by reference the facts and allegations above and below as if fully set forth herein.

59. Mrs. Eadie worked for Defendant for over 12 months.

60. Mrs. Eadie performed over 1250 hours of service for Defendant in the last 12 months she worked for Defendant.

61. Mrs. Eadie had not exhausted the 12 weeks of FMLA leave available to her each year.

62. Defendant employed 50 or more employees in each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

63. Defendant is an employer subject to the FMLA.

64. Mrs. Eadie suffered a serious health condition or conditions.

65. The serious health condition or conditions required Mrs. Eadie to be away from work in June and July 2006.

66. Mrs. Eadie provided medical certification of her need for leave related to the serious health condition(s).

67. This certification was faxed to Defendant on or about July 13, 2006.

68. Defendant fired Mrs. Eadie on July 19, 2006.

69. Defendant's stated reason for firing Mrs. Eadie was false.

70. Defendant violated the FMLA by firing Mrs. Eadie, in whole or in part, based on her request for and use of FMLA leave.

71. Defendant acted willfully, knowingly, and in bad faith, without reasonable grounds for believing that its acts were lawful.

72. Defendant knew its conduct was wrong and/or acted with reckless disregard for Mrs. Eadie's rights under the FMLA and for whether its actions were prohibited by the FMLA.

73. As a direct and proximate result of Defendant's willful violation of the FMLA, Mrs. Eadie has suffered lost wages, lost benefits, lost interest, and/or other lost compensation.

74. As a direct and proximate result of Defendant's willful violation of the FMLA, Mrs. Eadie has incurred and continues to incur attorneys' fees, costs, and expenses of requiring Defendant to comply with the law.

11

WHEREFORE, Mrs. Eadie prays that the Court enter judgment against Defendant and award, in an amount to be determined by a jury at trial of this case, all legal and equitable relief as is just and proper, including, but not limited to: lost wages and benefits; all applicable and available damages; consequential damages; compensatory damages; punitive damages; attorneys' fees, costs, expenses; and, all other appropriate relief.

Dated this the 17th day of May 2007.

Respectfully submitted,

Mary C. McCormac
Attorney at Law, LLC
Post Office Box 1535
Clemson, South Carolina 29633-1535
(864) 654-9942;(fax) (864) 654-9781
marymccormac@aol.com



12