IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

CIVIL ACTION NO. 8:07-cv-03406-HMH-WMC

| | |
|---|---|
| MELODY EADIE,<br><br>   Plaintiff,<br><br>v.<br><br>ANDERSON COUNTY DISABILITIES<br>AND SPECIAL NEEDS BOARD,<br><br>   Defendant. | **ANSWER** |

The Defendant, by and through its undersigned attorneys, responds to the Plaintiff's Complaint in this action as follows:

## FOR A FIRST DEFENSE

1. The Defendant denies each and every allegation contained in the Plaintiff's Complaint that is not herein admitted, modified, or explained.

2. The Defendant admits Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 16, 17, 21, 22, 32, 39, 40, 46, 59, 60, 61, 62, 63, 67, and 68.

3. Defendant denies the allegations found in Paragraphs 10, 13, 14, 25, 26, 30, 33, 34, 35, 36, 37, 41, 42, 43, 44, 45, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 69, 70, 71, 72, 73, and 74 in their entirety and demands strict proof thereof.

4. As to Paragraph 9, Defendant admits that Plaintiff's most recent position was as a "one-on-one" for a particular consumer in the Defendant's Day Program.

5. As to Paragraph 11, Defendant admits that the Plaintiff and her husband had an unscheduled meeting with the Defendant's Human Resource Manager on or

1

about June 15, 2006 wherein Plaintiff complained about perceived mistreatment by management and co-workers. Defendant also admits that Plaintiff brought up an incident of alleged abuse that she stated had occurred approximately one year before. Defendant denies the remaining allegations of Paragraph 11 and demands strict proof thereof.

6. As to Paragraph 12, Defendant admits that Plaintiff met with an Anderson County Sheriff's Deputy on June 26, 2006 and filed an Incident Report regarding an alleged assault, which she then said occurred approximately two years before. Defendant would affirmatively allege that the Defendant's representatives took the Plaintiff to the Sheriff's Office to file the report.

7. As to Paragraph 15, Defendant admits that Plaintiff was absent from work from June 28, 2006 through July 10, 2006 under the Family and Medical Leave Act. The remaining allegations of Paragraph 15 are denied.

8. As to Paragraph 19, Defendant admits that, for various reasons including health, its consumers are vulnerable adults and/or children.

9. As to Paragraph 20, Defendant is unable to admit or deny that Plaintiff "believed" something and therefore denies the same.

10. Defendant denies Paragraph 23 due to the term "public policy" being vague.

11. As to Paragraphs 24 and 27, Defendant admits that Plaintiff met with her supervisor in or before mid 2004 and discussed an incident involving Constance Atchison (consumer) and JoAnne Whitner (staff). Defendant denies that Plaintiff filed a report of abuse regarding the incident at that time, and would affirmatively allege that

Plaintiff declined the opportunity to do so. Defendant would further respond to Paragraphs 24 and 27 by stating that Plaintiff brought up the same alleged incident to the Defendant's HR Manager on or about June 15, 2006. The Defendant would affirmatively allege that Plaintiff was unsure about the timing of such incident and that Defendant fully investigated the incident, including taking the Plaintiff to the Anderson County Sheriff's Department on or about June 26, 2006 to file an Incident Report.

12. As to Paragraph 28, Defendant would admit that, at the time of the meeting with the Plaintiff on June 15, 2006, the HR Manager had no personal knowledge of the incident reported by Plaintiff in or before mid 2004. Defendant would further respond that the terms "senior management/supervision" are too vague to indicate what other individuals the Plaintiff is referring to and that the Defendant is therefore unable to admit or deny what knowledge any other individuals claimed to have.

13. As to Paragraph 29, Defendant admits that the Plaintiff filed an incident report with the Anderson County Sheriff's Office on or about June 26, 2006, after the Defendant's representatives took the Plaintiff to the Sheriff's Office to file the report. Upon information and belief, the Defendant admits that the Plaintiff cooperated with the law enforcement officials thereafter.

14. As to Paragraph 31, Defendant admits that Plaintiff was absent from work from June 28, 2006 through July 10, 2006 and that Defendant counted such time as medical leave under the Family and Medical Leave Act.

15. As to Paragraphs 64, 65, and 66, Defendant admits that Plaintiff was absent from work from June 28, 2006 through July 10, 2006. Defendant also admits that

on or about July 13, 2006, Plaintiff submitted an FMLA Certification of Health Care Provider dated July 11, 2006, which was the day she returned to work. The remaining allegations of Paragraphs 64, 65, and 66 are denied.

## FOR A SECOND DEFENSE

16. The Defendant adopts and repeats the defense set forth above and said defense is incorporated herein and made a part of this defense by reference thereto.

17. The Defendant would show that the Plaintiff has failed to state facts sufficient to support any cause of action against the Defendant, and the Complaint should therefore be dismissed pursuant to FRCP 12(b)(6).

## FOR A THIRD DEFENSE

18. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

19. The Defendant would show that it would have made the same decision regarding the Plaintiff's employment despite the Plaintiff's race, despite the Plaintiff's alleged report of abuse, and despite the Plaintiff's absence from work in late June and early July 2006.

## FOR A FOURTH DEFENSE

20. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

21. The Defendant would affirmatively show that its decision to terminate the Plaintiff's employment was based on reasonable, legitimate, and nondiscriminatory factors and the Defendant would have made the same decision regarding the Plaintiff's

employment despite the Plaintiff's race. Therefore, the Plaintiff's termination was not an "unlawful employment practice" under 42 U.S.C. 2000e-2.

## FOR A FIFTH DEFENSE

22. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

23. The Defendant denies that Plaintiff engaged in any "protected activity," as defined by Title VII and applicable case law and affirmatively alleges that, even if she did so, such activity was not causally related to her termination.

## FOR A SIXTH DEFENSE

24. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

25. The Defendant pleads the provisions of the Family and Medical Leave Act, 29 U.S.C.A. §2601, *et seq.*, including all of the immunities, limitations, including, but not limited to, statute(s) of limitations, and defenses granted or preserved by the Act.

## FOR A SEVENTH DEFENSE

26. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

27. The Defendants would show that Plaintiff was not suffering from a serious health condition as defined by the Family and Medical Leave Act, 29 U.S.C.A. §2601, *et seq.* and that, therefore, she was not entitled to the protection and/or privileges provided by the Act. Even if the Act applied to the Plaintiff, which is strictly denied, Plaintiff did not satisfy the requirements placed upon her by the Act, including giving adequate notice,

Defendants fully complied with all the provisions of the Act, and Plaintiff's discharge was not related to Plaintiff's attempt to qualify for and/or claim leave under the Act.

### FOR AN EIGHTH DEFENSE

28. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

29. The Defendants plead the provisions of the South Carolina Tort Claims Act, South Carolina Code §15-78-10, *et seq.*, including all of the immunities, limitations, including, but not limited to, statute(s) of limitations, and defenses granted or preserved by the Act.

### FOR A NINTH DEFENSE

30. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

31. The Defendants would show that the Plaintiff failed to exhaust her administrative remedies, including those established by the Defendant's internal grievance procedure.

### FOR A TENTH DEFENSE

32. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

33. The Defendants would show that Plaintiff was an at-will employee under South Carolina law and that no action or inaction taken by the Defendant altered the at-will nature of the employment relationship or created a contract between the parties. In addition, even if a contract existed, which Defendant strictly denies, Defendant had objectively reasonable and justifiable grounds to terminate Plaintiff.

## FOR AN ELEVENTH DEFENSE

34. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

35. The Defendant would affirmatively allege and show that the Plaintiff has failed to mitigate her damages.

## FOR A TWELTH DEFENSE

36. The Defendant adopts and repeats the defenses set forth above and said defenses are incorporated herein and made a part of this defense by reference thereto.

37. The Defendant pleads any applicable statute(s) of limitation as a complete and total bar to the Plaintiff's claims herein.

WHEREFORE, having fully responded to the Complaint herein, the Defendant prays that same would be dismissed and for such other and further relief as this Court deems just and proper.

**LOGAN, JOLLY & SMITH, L.L.P.**

s/James W. Logan, Jr.
James W. Logan, Jr. Fed. ID# 2712
Stacey Todd Coffee Fed. ID# 6812
1805 North Boulevard (29621)
Post Office Box 259 (29622)
Anderson, South Carolina
864-226-1910 telephone
864-226-1931 fax
logan@loganjollysmith.com

ATTORNEYS FOR DEFENDANT

October 17, 2007
Anderson, South Carolina